RED McGOVERN et al. v. STATE.

No. A-3967. Opinion Filed April 21, 1923.
Rehearing Denied Nov. 24, 1923.
(219 Pac. 722.)

Appeal from County Court, Oklahoma County; W. R. Taylor, Judge.

Red McGovern and another were convicted of maintaining a liquor nuisance, and they appeal. Affirmed.

H. F. Tripp, for plaintiffs in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Oklahoma county, wherein the plaintiffs in error, hereinafter referred to as defendants, were jointly tried and each convicted of maintaining a liquor nuisance, and punishment against each assessed at a fine of $250 and imprisonment in the county jail for a period of 90 days.

The sole ground relied upon for a reversal is that the evidence is insufficient to sustain the conviction. Defendants were charged with maintaining the alleged nuisance on premises located on Fiftieth street in Oklahoma City, Okla., about 1½ miles west of the Belle Isle Lake, said premises being commonly known as Red McGovern's roadhouse.

The undisputed evidence is that on the 25th day of September, 1920, O. A. Cargill, county attorney, Ned Looney, assistant county attorney, and certain officers from the sheriff's office of Oklahoma county made a raid on said premises after dark on the evening of said day, and found these defendants out there in apparent possession of the premises and in control of certain intoxicating beverages on said premises; that there was nobody else there at the time; that defendants sold Looney 6 pints of beer (choctaw beer); that said liquor contained approximately 5 per cent. alcohol measured by volume; that in a barrel or keg on said premises were also found about 100 pints of this beer on ice; that the place had the general reputation of being a place where intoxicating liquors were received and kept and sold, and where people congregated for the purpose of drinking intoxicating liquors. No evidence was introduced in behalf of the defendants.

This prosecution is based on section 7022, Compiled Statutes 1921, which makes all places where a spirituous, vinous, fermented, or malt liquor or any imitation thereof or substitute therefor * * * which contains as much as one-half of 1 per cent. of alcohol measured by volume, and which is capable of being used as a beverage, * * * and all places where any such liquor is kept or possessed by any person in violation of any provision of this act, and all places where persons congregate or resort for the purpose of drinking any such liquor a public nuisance, and further provides that upon conviction the owner or keeper thereof shall be adjudged guilty of maintaining a public nuisance, and punished by a fine of not less than $50 nor more than $500, and by imprisonment in the county jail not less than 30 days nor more than 6 months.

The court is of the opinion that the evidence is sufficient and shows that the defendants were on the occasion

alleged in the information the keepers of the premises, and that the place as kept by them was a place where intoxicating liquors were received and kept and sold in violation of the prohibitory liquor laws of this state. The judgment of conviction as to each defendant is therefore affirmed.